UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEON TURNER, CDCR #AV2541,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER, INTERNAL REVENUE SERVICE, OFFICE OF TREASURER, DEPARTMENT OF TREASURY,<br><br>Defendants. | Case No. 3:22-cv-00231-LAB-AGS<br><br>**ORDER:**<br><br>**(1) REVOKING IN FORMA PAUPERIS STATUS AS BARRED BY 28 U.S.C. § 1915(g); and**<br><br>**(2) DIRECTING PLAINTIFF TO PAY CIVIL FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

On February 17, 2022, Plaintiff Steven Deon Turner, who is incarcerated at R.J. Donovan State Prison in San Diego, California ("RJD") and is proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. 1, Complaint ("Compl.")). Turner didn't prepay the civil filing fee required to commence a civil action at the time he filed his Complaint but has filed a Prison Certificate and an Inmate Trust Account Statement, which the Court liberally construed as a motion for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Dkt. 2).

On March 8, 2022, the Court granted Turner IFP status and dismissed his Complaint with leave to amend. (Dkt. 4). Turner was given sixty days to file an

amended complaint that cured the deficiencies outlined in the Court's Order. (*Id.*). Turner filed an Amended Complaint ("Am. Compl.") on April 8, 2022. (Dkt. 7).

I.      **Revoking IFP Status**

The Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d

607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless she faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). Section 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past injury or generalized fears of possible future harm. *See id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."). The "common definition of 'imminent' . . . does not refer only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's head.'" *Id.* at 1056. The Court has carefully reviewed Turner's original Complaint and Amended Complaint and finds they include no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Therefore, this Court takes judicial notice of federal court docket proceedings available on PACER[1] and finds that Plaintiff

---

[1] A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)), and

Steven Deon Turner, currently identified under CDCR #AV2541, while incarcerated, has had four prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

>   (1)   *Turner v. United States District Court for the Central District of California*, Civil Case No. 2:20-cv-02610-RGK-MRW (C.D. Cal. Apr. 17, 2020) (Order Denying Motion to Proceed IFP and Dismissing Complaint for failing to state a claim) (Dkt. 6) (strike one);
>
>   (2)   *Turner v. Dailo, et al.*, Civil Case No. 2:20-cv-06688-RGK-MRW (C.D. Cal. July 21, 2020) (Order Denying Motion to Proceed IFP and Dismissing Complaint for failing to state a claim) (Dkt. 8) (strike two);
>
>   (3)   *Turner v. United States District Court for the Central District of California*, Civil Case No. 20-55495 (9th Cir. Sept. 11, 2020) (Order Dismissing Appeal as frivolous) (Dkt. 9) (strike three)[2]; and
>
>   (4)   *Turner v. Gibson, et al.*, Civil Case No. 1:21-cv-01175-AWI-BAM (E.D. Cal. Oct 18, 2021) (Order Adopting R&R and Dismissing Complaint for failing to state a claim) (Dkt. 16) (strike four).

Accordingly, because Turner has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible

---

"'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

[2] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g)).

allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint or Amended Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right."). Accordingly, Turner is not entitled to proceed IFP.

## II.   Conclusion and Order

For the reasons set forth above, the Court:

(1)   **REVOKES** Turner's IFP status as barred by 28 U.S.C. § 1915(g);

(2)   **DIRECTS** Turner to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a) no later than **thirty (30) days** from the date of this Order. If Turner doesn't pay the civil filing fee by that date, the Court will dismiss the action.[3]

**IT IS SO ORDERED**.

DATE: June 13, 2022

Hon. Larry A. Burns
United States District Judge

---

[3] If Turner does pay the civil filing fee within the time stated, the Court will screen the Amended Complaint pursuant to 28 U.S.C. § 1915A. Based on a preliminary review of the allegations in the Amended Complaint, the Court will likely dismiss the action without leave to amend for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).